IN THE UNITED STATES DISTRTICT COURT
FOR THE DISTRICT OF NEW MEXICO

SEAN STANFORD,

        **Plaintiff,**

        vs.          Civ. No. 24-1205  JFR/SCY

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

        **Defendant.**

### ORDER DENYING MOTION FOR PHASED DISCOVERY AND TRIAL[1]

**THIS MATTER** comes before the Court on Defendant's Motion for Phased Discovery and Phased Trial ("Motion"), filed May 12, 2025. On May 27, 2025, Plaintiff filed a Response. Doc. 34. On June 10, 2025, Defendant filed a Reply. Doc. 35. Having reviewed the Motion and relevant law, and being otherwise fully advised, the Court finds that the Motion is not well taken and is therefore **DENIED.**

### BACKGROUND

On October 22, 2024, Plaintiff filed suit in the Second Judicial District Court for the State of New Mexico against Defendant State Farm Mutual Automobile Insurance Company for recovery of uninsured motorist property damage ("UMPD") benefits. Doc. 1-1. Plaintiff's Complaint contains three counts - Count I – Breach of Contract, Count II – Insurance Bad Faith, and Count III – Breach of the Covenant of Good Faith ad Fair Dealing. *Id.* at ¶¶ 20-50. Plaintiff explains that on July 17, 2024, an unknown person hit his vehicle causing damage and that he subsequently reported a claim to Defendant pursuant to an automobile insurance policy. *Id.*

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned to serve as the presiding judge and enter final judgment. Doc. 15.

Plaintiff's selected repair facility, Street Custom Body Shop, estimated repairs to his vehicle of approximately $4,176.82. *Id.* Defendant, however, subsequently determined that certain of the estimated repairs were unrelated to damages sustained in the subject-matter accident and represented that Plaintiff's UMPD policy covered only $1,729.56. *Id.* Plaintiff did not accept Defendant's payment based on its estimation of the repairs associated with the subject-matter accident and instead filed this lawsuit.

Plaintiff alleges that Defendant breached its duties under the terms of the parties' insurance contract by, *inter alia*, (1) failing to provide Plaintiff with a full and complete copy of his policy; (2) failing to clearly and completely explain his coverage; (3) failing to explain the claims process; (4) failing to reasonably evaluate his claim; and (5) failing to reasonably compensate Plaintiff for his losses under the policy. *Id.* Plaintiff alleges Defendant acted in bad faith in handling his claim by (1) misrepresenting pertinent facts or policy provisions relating to coverage, (2) failing to acknowledge and promptly respond to Plaintiff's communications regarding Plaintiff's claim; (3) failing to affirm or deny coverage within a reasonable time; (4) failing to attempt in good faith a prompt, fair and equitable settlement of Plaintiff's claim; (5) failing to provide a reasonable explanation for and attempting to mislead Plaintiff with a lowball offer; and (6) compelling Plaintiff to initiate litigation. *Id.*

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 42(b) allows that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Bifurcation under Rule 42(b) is "appropriate 'if such interests favor separation of issues and the issues are clearly separable,' " *Ortiz v. Safeco Ins. Co. of Am.*, 207 F. Supp. 3d 1216, 1217-18 (D.N.M. Sept. 13, 2016) (quoting

*Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1119 (10th Cir. 2003)), such as "when the resolution of one claim may eliminate the need to adjudicate one or more other claims." *Id.* at 1218 (citation omitted). However, bifurcation is "inappropriate when it will not appreciably shorten the trial or [a]ffect the evidence offered by the parties because claims are inextricably linked." *Buccheri v. GEICO Ins. Co.*, No. 17-CV-0490 LF/KK, 2017 WL 3575486, at *2 (D.N.M. Aug. 17, 2017) (quotation omitted). Further, bifurcation "is an abuse of discretion if it is unfair or prejudicial to a party." *Ortiz*, 207 F. Supp. 3d at 1218 (citing *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993)).

The Court has broad and considerable discretion in deciding whether to sever issues for trial. *Buccheri*, 2017 WL 3575486, at *1 (citing *United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010)). To that end, "bifurcation is decided on a case-by-case basis and should not be regarded as routine." *Id.* at *2 (citing *Marshall v. Overhead Door Corp.*, 131 F.R.D. 94, 97-98 (E.D. Pa. 1990)). The burden is on the moving party to show bifurcation is needed "as a single trial normally lessens the expense and inconvenience of litigation." *Ortiz*, 207 F. Supp. 3d at 1217. The Court also has broad discretion in managing its docket, including staying portions of discovery. *Willis v. Government Employees Ins. Co.*, No. 13-280 KG/KK, 2015 WL 11181339, at *1 (D.N.M. June 17, 2015) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

## **ANALYSIS**

In seeking to phase discovery and trial, Defendant argues that Plaintiff's bad faith claim is the "mere allegation that State Farm failed to fairly evaluate and settle the [uninsured motorist property damage] claim to Plaintiff's satisfaction." Doc. 32 at 3. Defendant cites its policy language and *State Farm Mut. Auto. Ins. So. v. Barker*, 2004-NMCA-105, 136 N.M. 211, 213-

3

14, to argue that its obligation to pay UMPD benefits does not arise until *after* a claimant has established *how much* he is "legally entitled to recover" from an uninsured motorist for damages caused to the claimant's vehicle. *Id.* at 4. As such, Defendant argues that until Plaintiff has proven the amount of UMPD benefits he is owed, Defendant has no legal obligation to pay policy benefits and any claim for bad faith failure to pay his first party claim is simply premature. *Id.* at 6. Defendant further argues that phased discovery and trial is more efficient because if a jury does not find Plaintiff is entitled to damages exceeding what Defendant has already offered to pay, then this Court need not even reach the bad faith claims in this case because, as pled, they depend entirely on the reasonableness of Defendant's evaluation. *Id.* Finally, Defendant argues that not allowing phased discovery and trial prejudices its UMPD defense by adding time and resource-consuming barriers to resolution of the claims. *Id.* at 7.

Plaintiff contends that the estimated repairs to his vehicle provided by Street Custom Body Shop were necessary due to the fact that his car is an imported "JDM spec car" and is a right hand drive car, thereby necessitating more work due to its being different from left hand drive cars and due to the unavailability of parts. Doc. 34 at 2. Plaintiff contends that Defendant has a corporate policy of delay, deny and defend all lawsuits, including this one, based on "McKinsey and Company" documents, which documents Plaintiff seeks in discovery. *Id.* Plaintiff contends that Defendant has failed to meet their burden of showing how or why bifurcation in this case promotes the interest of judicial economy and instead seeks to avoid discovery of documents aimed at its business model. *Id.* at 3. Last, Plaintiff contends that Magistrate Judge Steven C. Yarbrough previously denied Defendant's oral request to bifurcate discovery at the scheduling conference held on April 23, 2025.[2] *Id.* at 2.

---

[2] In Reply, Defendant argues that it did not move for phased discovery and trial at the initial scheduling conference. Doc. 35 at 7-8. The parties' Joint Status Report indicates under "Exceptions" that Defendant planned to file a motion

4

In Reply, Defendant restates that at issue is a genuine dispute between the parties over covered damages and what amount is owed Plaintiff under the policy. Doc. 35 at 3. Defendant argues that the facts here are similar to those found in *Ortiz,* 207 F. Supp. 3d 1216, where now retired Magistrate Judge William P. Lynch held that bifurcation was warranted because plaintiff's bad faith claim was primarily a disagreement about the value of his claim and because plaintiff had merely parroted the language of the Unfair Insurance Practices Act with no facts in support. *Id.* at 5. Defendant argues that here Plaintiff has failed to allege specific facts to support his bad faith claim and that Plaintiff's bad faith allegations are "simply a repackaging of his disagreement with State Farm's position on Plaintiff's contractual claims." *Id.* at 5-6. Defendant again argues that phased discovery and trial in this case serves the purposes of judicial economy and the conservation of judicial resources because resolution of Plaintiff's contractual dispute has a direct impact on Plaintiff's alleged bad faith claim and a jury determination of covered damages may very well render Plaintiff's bad faith claim moot. *Id.* Defendant argues that not allowing phased discovery and trial prejudices it because the scope of bad faith discovery is often exceedingly broad, discovery related to Plaintiff's extra-contractual claims is irrelevant to his contractual claims, broad discovery does not facilitate resolution by narrowing and focusing the issues, and the jury hearing potential evidence of bad faith could taint its ability to fairly decide the issues of contractual benefits. *Id.* at 6-7.

The case law on which Defendant relies is distinguishable from the facts here. For instance, Defendant cites *Barker* and *Ortiz* to support its position that Plaintiff must prove the *amount of damages* he is legally entitled to recover from the unknown tortfeasor before he is

---

for phased discovery which Plaintiff opposes. Doc. 28 at 10. The Clerk's Minutes from the initial scheduling conference states "[r]egarding bifurcation of discovery, the Court is inclined not to bifurcate given the overlap of the contract and extra-contractual claims." Doc. 31 at 1.

entitled to UMPD benefits from Defendant and that absent a legal obligation to pay that proven amount there is no basis for bad faith. Yet both of those cases turned on the question of whether the insureds had proven they were legally entitled to recover any damages at all in the first instance, *i.e.,* whether the uninsured motorist was liable, before an insured then could legally collect damages from the insurer. *Barker*, 2004-NMCA-105, at ¶ 14; *Ortiz*, 207 F. Supp. 3d at 1220-221. Here, there is no dispute regarding the uninsured motorist's liability and that Plaintiff is entitled to UMPD. Further, New Mexico statutory law on UM/UIM coverage simply requires the insured be legally entitled to recover damages and does not require the establishment of the amount of damages before being considered legally entitled to recover damages at all. *Willis v. Government Employees Ins. Co.*, 2015 WL 11181339, at *4 (D.N.M. 2015); *see also Yazzie v. Gov't Emp. Ins. Co.,* Civ. No. 16-1085 KK/LF, CM/ECF Doc. 81 at 4-5 (D.N.M. Apr. 24, 2017) (citing *Willis* and holding that in a UM case, as opposed to a UIM case, a plaintiff need not show damages that exceed the liability limits because "even the most minimal damages will exceed the amount the plaintiff could collect from the uninsured tortfeasor's nonexistent liability insurance"). Thus, the issue at hand, according to Defendant, is whether Plaintiff has to prove Defendant has undervalued his claim before his bad faith claim can proceed. The Court is not persuaded.

In New Mexico, a bad faith claim does not require the resolution of an underlying dispute regarding coverage or the amount of a claim. *Willis,* 2015 WL 11181339, at *3. New Mexico courts have held that "an insurer acts in bad faith when it denies a first party claim for reasons that are frivolous or unfounded" or when an insurer refuses to settle "based on a dishonest judgment." *Id.* (citations omitted). Further, an insurer in New Mexico can act in bad faith in its handling of a claim "for reasons other than its refusal to pay" a claim in full. *Id.* (citations

omitted). Here, Plaintiff's extra-contractual claims are based on more than its allegation that Defendant undervalued his claim. Instead, Plaintiff alleges that Defendant, *inter alia*, misrepresented facts and provisions related to his coverage; failed in its communications regarding Plaintiff's claim; and failed to provide a reasonable explanation for its determination. Further, Plaintiff states in his Complaint as to these claims that he repeatedly asked for and was not provided an explanation for Defendant's denial of the estimate repairs; that he waited "over three months" to get his car repaired due to Defendant's failure to affirm or deny coverage; and that Defendant continued to send and resend the same check in payment reflecting its estimated coverage all the while not responding to Plaintiff's requests for an explanation and without acknowledging Plaintiff's refusal to accept payment given the disagreement over the amount of coverage. Thus, the Court is not persuaded that Plaintiff has merely parroted the language of the Unfair Insurance Practices Act, as Defendant argues, but instead has presented facts to support his claim. In sum, the Court concludes that a determination of Plaintiff's actual damages for breach of contract does not appear necessary before Plaintiff can demonstrate bad faith on Defendant's handling of Plaintiff's claim. *Id.*

The Court is also not persuaded that phasing discovery and trial on the extra-contractual is more judicially efficient or necessary to prevent jury confusion or unfair prejudice to Defendant at trial. Bifurcation under Rule 42(d) is inappropriate where the evidence to be presented against the parties is inextricably linked. *Buccheri,* 2017 WL 3575486, at *4. Although Defendant claims that the issues and discovery here are distinct – one involving damages and the other involving claims handling procedures and policies, the Court is persuaded that *how* Defendant determined the extent and value of the damages is inextricably intertwined with its claims handling procedures and policies. Put another way, relevant to both issues is the

amount of Plaintiff's damages (the central issue in Plaintiff's contractual claim) and whether Defendant's assessment of Plaintiff's damages constituted bad faith (one of the issues in Plaintiff's extra-contractual claims). *Sena-Baker v. Allstate Property and Cas. Ins. Co.*, 2020 WL 5748355, at *5 (D.N.M. 2020). Further, presenting the coverage claim would entail presenting evidence regarding the formation of the contract, the parties' intent at the time of the contract, and the terms of the contract. *Huss v. American Family Ins. Co.*, 2014 WL 12465421, at *3 (D.N.M. 2014). "This [breach of contract] evidence is also relevant to the unfair trade practices and bad faith claims." *Id.* As for any concerns about producing proprietary or privileged information, Defendant can address those concerns through a confidentiality order or filing discovery motion as appropriate. As such, judicial economy is best served by allowing Plaintiff to proceed with all of its claims simultaneously.

Finally, the Court is not convinced that allowing the claims to proceed simultaneously creates a substantial risk of juror confusion or that it will prejudice Defendant at trial. As the Honorable District Judge Kenneth Gonzales stated, "Jurors are often asked to comprehend issues in civil litigation that are considerably more complex than the issues in this case. Sufficiently clear jury instructions, including limiting instructions, and clear arguments by counsel will enable jurors to understand the different sets of issues presented and thereby, avoid any confusion or prejudice." *Willis*, 2015 WL 11181339, at*4.

## **CONCLUSION**

For the foregoing reasons, the Court finds that Defendant's Motion For Phased Discovery and Phased Trial is not well taken and is **DENIED**.

**IT IS SO ORDERED.**

                                                                **JOHN F. ROBBENHAAR**
                                                                **United States Magistrate Judge**
                                                                **Presiding by Consent**